IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) REBECCA DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-12-35-W |
| ) | (formerly Oklahoma County |
| (1) UNUM LIFE INSURANCE COMPANY ) | Case No. CJ-2011-9644) |
| OF AMERICA, ) | |
| Defendant. ) | |

**NOTICE OF REMOVAL**

Defendant Unum Life Insurance Company of America ("Unum") hereby gives notice of the removal of this action from the District Court of Oklahoma County, State of Oklahoma (styled: *Rebecca Daniels v. Unum Life Insurance Company of America*, Case No. CJ-2011-8644) to the United States District Court for the Western District of Oklahoma.[1] In support of this Notice, Unum sets forth as follows:

**I.    PROCEDURAL BACKGROUND**

1.    On December 6, 2011, Plaintiff filed a Petition against Unum in the District Court of Oklahoma County, State of Oklahoma. A copy of the Petition is attached as Exhibit "1." *See* 28 U.S.C. § 1446(a). Unum was served with Summons on December 14, 2011, by service upon the Oklahoma Insurance Commissioner. A copy of the Summons and letter from the Insurance Commissioner of the State of Oklahoma are attached hereto as Exhibits "2" and "3," respectively.

---

[1] No admission of fact, law or liability is intended by this Notice of Removal, and Defendants expressly reserve all defenses, affirmative defenses and motions otherwise available to them.

1

2. This action is removable pursuant to 28 U.S.C. § 1331, because it involves a claim to recover benefits and enforce rights under an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* as amended ("ERISA"). The District Courts of the United States have original jurisdiction over actions brought to recover benefits and to enforce rights under employee welfare benefit plans, and such actions are controlled by federal law under ERISA. 29 U.S.C. §1132(e)(1); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Removal of such cases to federal court is proper.

3. The enforcement of rights under an employee welfare benefit plan is governed exclusively by federal law under ERISA. *Pilot Life Ins. Co.*, 481 U.S. at 41; *Metropolitan Life Ins. Co.,* 481 U.S. at 59. Thus, this action could have originally been filed in this Court pursuant to 28 U.S.C. § 1331 because it involves a federal question.

4. Plaintiffs' remedies – if any – are provided for pursuant to ERISA at 29 U.S.C. § 1132(a)(1)(B). Accordingly, to the extent Plaintiff Petition has, or could be construed as having, raised any state statutory or common law claims, such claims are completely preempted by ERISA, and Plaintiff's remedy, if any, is exclusively governed by ERISA and presents a federal question. *See e.g., Aetna Health Inc. v. Davila,* 542 U.S. 200, 208, 210, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) ("if an individual, at some point in time, could have brought his claim under ERISA [§ 1132], and where there is no other independent duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA [§ 1132]."); *Conover v. Aetna US Health*

*Care, Inc.,* 320 F.3d 1076 (10th Cir. 2003); *Kidneigh v. Unum Life Ins. Co. of America,* 345 F.3d 1182, 1184-86 (10th Cir. 2003). Alternatively or additionally, supplemental jurisdiction exists over any claims which are not wholly preempted by ERISA pursuant to 28 U.S. § 1367.

5. A true and correct copy of all process, pleadings and orders served on or by all Defendants are attached hereto as separate exhibits. The exhibits are numbered as follows:

Exhibit "1": Petition;

Exhibit "2": Summons issued to Unum Life Insurance Company of America;

Exhibit "3": December 14, 2011 Letter from the Insurance Commissioner of the State of Oklahoma;

Exhibit "4": Entry of Appearance by Phillip G. Whaley and Matthew C. Kane on behalf of Unum.

Exhibit "5": Defendant's Unopposed Extension of Time to Answer Or Otherwise Plead In Response to Plaintiff's Petition

Exhibit "6": Order Granting Defendant's Unopposed Extension of Time to Answer Or Otherwise Plead In Response to Plaintiff's Petition

6. Pursuant to LCvR 81.2, a copy of the docket sheet in Case No. CJ-2011-9644 in the District Court of Oklahoma County, State of Oklahoma, is attached hereto at Exhibit "7."

7. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the receipt by Defendants of a copy of the initial pleading setting forth the claim for relief.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly given to all adverse parties herein, and a copy will be filed with the Court Clerk of Pottawatomie County District Court, Oklahoma on the same date.

## CONCLUSION

As the Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1441, Defendant Unum Life Insurance Company of America prays that this Court will assume jurisdiction over this action and make such further orders herein as may be needed to properly resolve this controversy.

    s/Matthew C. Kane
    PHILLIP G. WHALEY, OBA#13371
    MATTHEW C. KANE, OBA#19502
    RYAN WHALEY COLDIRON SHANDY PLLC
    900 Robinson Renaissance
    119 North Robinson
    Oklahoma City, OK  73102
    Telephone:   (405) 239-6040
    Facsimile:   (405) 239-6766
    pwhaley@ryanwhaley.com
    makne@ryanwhaley.com

    ATTORNEYS FOR DEFENDANT
    UNUM LIFE INSURANCE COMPANY
    OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January 2012, a true and correct of the above and foregoing instrument was mailed, via U.S. First Class Mail, postage prepaid, to the following:

Roy S. Dickinson
2300 McKown Dr.
Norman, Oklahoma 73072

    s/Matthew C. Kane
    MATTHEW C. KANE